Matter of Gurney's Inn Resort & Spa, Ltd. v Arzanipour (2020 NY Slip Op 06712)





Matter of Gurney's Inn Resort & Spa, Ltd. v Arzanipour


2020 NY Slip Op 06712


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 154466/18 Appeal No. 12406-12407 Case No. 2019-4738 2019-4841 2019-5068 

[*1]In the Matter of Gurney's Inn Resort & Spa, Ltd., etc., Petitioner-Respondent-Appellant,
v
Nancy Arzanipour, et al., Respondents-Appellants-Respondents, Anthony Carbone, et al., Respondents.


Squitieri & Fearon, LLP, New York (Lee Squitieri of counsel), for appellants-respondents.
Greenberg Traurig, LLP, New York (Daniel R. Milstein of counsel), for respondent-appellant.



Judgment and supplemental judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 13, 2019 and June 13, 2019, respectively, awarding sums of money to respondents, and bringing up for review an order, same court and Justice, entered on or about December 21, 2018, which, following a hearing, determined that the fair value of the common shares held in petitioner was $115 million, in accordance with respondents' expert's appraisal of petitioner's value as a going concern, unanimously reversed, on the law and the facts, with costs, the judgments vacated, and the matter remanded for a corrected award based on the $84 million fair value determination proposed by petitioners' expert's appraisal. Appeals from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
The record does not support the court's conclusion that the valuation of petitioner's appraiser was "suspect" because it "did not appropriately value the potential average daily room rate for units that were subject to time shares in 2017" and that respondents' appraisal was more "realistic." Rather, respondents' appraiser's calculation of the potential average daily room rate resulted in a highly inflated valuation.
We have considered respondents' argument that the court made certain erroneous rulings that shortchanged them on fair value and find it unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020